```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Oct. 23, 2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- X
DANIEL THOMAS,                      :
                                    :
            Movant,                 :
                                    :     No. 02 Crim. 991 (JFK)
    - against -                     :     MEMORANDUM OPINION
                                    :          AND ORDER
UNITED STATES OF AMERICA,           :
                                    :
            Respondent.             :
----------------------------------- X

**John F. Keenan, United States District Judge:**

Currently before the Court is Movant Daniel Thomas's ("Thomas") pro se motion for relief under Rule 60(d)(1) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is denied.

## I. Background

On July 26, 2002, Thomas was charged in a one-count Indictment with possessing a firearm after having been convicted of a felony, and after having had three previous convictions for violent felonies, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Trial began on January 6, 2003 and concluded on January 9, 2003, when the jury convicted Thomas. After trial, Thomas moved to vacate the judgment and for a new trial, pursuant to Rule 33 of the Federal Rules of Criminal Procedure. The Court denied the motion in an Opinion dated April 25, 2003. See United States v. Thomas, 2003 WL 1961532 (S.D.N.Y. Apr. 25, 2004).

At sentencing, neither Thomas nor his attorney objected to the pre-sentence report.  Similarly, they did not take issue with Thomas's Guidelines range, or his sentence enhancement under the Armed Career Criminal Act ("ACCA"). See 18 U.S.C § 924(e).  Thomas was classified as an "armed career criminal" because he had three prior felony convictions:  a 1980 robbery conviction involving a .22 caliber pistol, a 1989 attempted robbery conviction involving a metal pipe, and a 1996 robbery conviction involving an ice pick. See Thomas v. United States, 04 Civ. 8664, 2007 WL 1040572 at *2 (S.D.N.Y. Apr. 4, 2007).

Thomas was sentenced to 188 months' imprisonment followed by three years of supervised release – a sentence at the lowest end of the United States Sentencing Guidelines. Id.

Thomas appealed his conviction to the Second Circuit, which denied his appeal. See United States v. Thomas, 89 Fed. App'x 303 (2d Cir. 2004).  He then brought a petition for habeas corpus pursuant to 28 U.S.C. § 2255, which this Court denied. Thomas, 2007 WL 1040572 at *1-2.

Thomas now moves to vacate or modify his sentence under Rule 60(d)(1) of the Federal Rules of Civil Procedure on the grounds that his sentence enhancement under the ACCA was a "grave miscarriage of justice."  He argues that his classification as an "armed career criminal" was in error.

**II.   Discussion**

**A.   Rule 60(d)(1)**

Rule 60(d)(1) provides that a court may entertain an independent action to relieve a party from a judgment, order, or proceeding. See Fed. R. Civ. P. 60(d)(1).  "[I]ndependent actions under Rule 60(d)(1) are available 'only to prevent a grave miscarriage of justice.'" Gottlieb v. SEC, 310 Fed. App'x 424, 425 (2d Cir.), cert. denied, 130 S. Ct. 511 (2009). Pursuant to that Rule, Thomas seeks modification or vacation of the previously-imposed 188-month sentence on the ground that he is not an armed career criminal within the meaning of United States Sentencing Guideline section 4B1.4 or 18 U.S.C. 924(e).

**B. Armed Career Criminal Sentence Enhancement**

In the instant motion ("Mtn."), Thomas asserts that the 1996 robbery conviction – the third conviction which qualified him as an Armed Career Criminal – was "downgraded to a class (D) non-violent felony." (Mtn. at 3.)  To support this assertion, Thomas has submitted the transcript from the sentencing in state court for his 1996 conviction of robbery in the third degree. (Mtn. Exh. 1 at 2.)  The transcript reflects that Thomas's attorney referred to the conviction as "the 'D' non-violent felony." (Id. Exh. 1 at 2.)

That Thomas's counsel and New York State law may classify robbery in the third degree as a "'D' non-violent felony" has no

bearing on the determination of whether a prior conviction is violent for the purposes of the ACCA.  The ACCA's fifteen-year mandatory minimum term of incarceration applies "[i]n the case of a person who violates section 922(g) of [Title 18] and has three previous convictions . . . for a violent felony." 18 U.S.C. § 924(e)(1).  In relevant part, the ACCA defines a "violent felony" as:  "any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B).  In determining whether a conviction for robbery constitutes a "violent felony" within the meaning of § 924(e)(2)(B), courts look to the "generic" meaning of the offense. See Taylor v. United States, 495 U.S. 575, 590-602 (1990).  "The generic meaning of 'robbery' is reflected in the statutory definitions of that crime."  New York Penal Law ("NYPL") § 160.00 defines robbery as "forcible stealing" and explains that "[a] person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person."  In 1996, the time of Thomas's conviction, a class D felony was punishable by an indeterminate sentence that could not exceed seven years, and had to be at least one year. See NYPL § 70.00(2)(d), 70.00(3) (McKinney 1997).  The state

court sentenced Thomas to an indeterminate term of two to four years. (Mtn. Exh. 1 at 3.)

Therefore, Thomas's challenge to the ACCA enhancement that was triggered by his conviction for robbery is meritless, as this crime satisfies the definition of a "violent felony:" (1) it is punishable by a term of imprisonment exceeding one year; (2) it involves the use or attempted use of force against the person of another.  Moreover, it has been determined by the Second Circuit Court of Appeals to be a predicate offense supporting an enhancement pursuant to ACCA. See, e.g., United States v. Brown, 52 F.3d 415, 425-26 (2d Cir. 1995) (finding that third-degree attempted robbery qualified as a "violent felony" under ACCA "and was a correctly regarded predicate offense for the purpose of enhancing [the] sentence"); Massey v. United States, 08 Civ. 924, 2009 WL 1285991 at *1 (S.D.N.Y. Apr. 23, 2009) (finding that a sentence under the ACCA was appropriate based upon three prior convictions, one of which included robbery in the third degree).

## III. Conclusion

For the foregoing reasons, Thomas's motion for relief under Rule 60(d)(1) is DENIED.

SO ORDERED.

Dated:     New York, New York
           October 22, 2012

                                        _____
                                              John F. Keenan
                                        United States District Judge