USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug. 12, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- X
DANIEL THOMAS,                      :
                                    :
            Movant,                 :
                                    :
    - against -                     :          No. 02 Crim. 991 (JFK)
                                    :          MEMORANDUM OPINION
                                    :                AND ORDER
UNITED STATES OF AMERICA,           :
                                    :
            Respondent.             :
----------------------------------- X

**John F. Keenan, United States District Judge:**

Before the Court is Movant Daniel Thomas's ("Thomas") pro
se "Motion to Reopen Independent Action to Supplement Case Law."
As he has done previously, see United States v. Thomas, No. 92
Cr. 991, 2012 WL 5252053 (S.D.N.Y. Oct. 23, 2012), Thomas seeks
vacatur or modification of his sentence through an independent
action under Rule 60(d)(1) of the Federal Rules of Civil
Procedure .  For the reasons that follow, his motion is denied.

Familiarity with the case history as set forth in the
Court's opinion of October 23, 2012 is assumed. See Thomas, 2012
WL 5252053, at *1.  As he did in his previous motion, Brown
challenges his classification as an armed career criminal under
the Armed Career Criminal Act, 18 U.S.C § 924(e) ("ACCA").  This
time his motion is premised on what he characterizes as new
rules of substantive law set forth by the Supreme Court in
Descamps v. United States, 133 S. Ct. 2276 (2013), and Alleyne
v. United States, 133 S. Ct. 2151 (2013).  However, as explained

below, neither case requires vacatur or modification of Thomas's sentence.

Thomas does not present an argument for why <u>Alleyne</u>, which requires facts that increase a mandatory minimum sentence to be submitted to a jury, applies to his case.  In any event, <u>Alleyne</u> does not help Thomas because it does not apply retroactively.  <u>See</u> <u>United States v. Redd</u>, 735 F.3d 88, 91–92 (2d Cir. 2013) ("<u>Alleyne</u> did not announce a new rule of law made retroactive on collateral review.")

Thomas's <u>Descamps</u> argument, construed liberally because he is proceeding <u>pro</u> <u>se</u>, is that this Court impermissibly used the "modified categorical approach" to hold that his 1996 New York state conviction for third-degree robbery qualified as a "violent felony" within the meaning of the ACCA.  At the threshold, although the Second Circuit has not yet ruled on the issue, it is doubtful that <u>Descamps</u> applies retroactively. <u>See</u> <u>Spells v. United States</u>, Nos. 14 Civ. 3774, 04 Cr. 1304, 2014 WL 5520691, at *1 (S.D.N.Y. Oct. 29, 2014) (holding that <u>Descamps</u> does not apply retroactively and collecting cases holding the same).  Moreover, even if it did apply retroactively, <u>Descamps</u> adopted the rule already in place within the Second Circuit: that the "modified categorical approach" cannot be used on indivisible statutes. <u>See</u> 133 S. Ct. at 2283 n.1 (noting the Second Circuit's position among other circuits); <u>United States</u>

v. Barker, 723 F.3d 315, 320 (2d Cir. 2013) ("The Supreme Court
has now affirmed [the Second Circuit's] rule."); see also United
States v. Beardsley, 691 F.3d 252, 274 (2d Cir 2012) (holding
that the modified categorical approach applies only to divisible
statutes).  It should be no surprise then that the Second
Circuit has held that a New York third-degree robbery conviction
qualifies as a "violent felony" under the ACCA both before and
after Descamps. See United States v. Miles, 748 F.3d 485, 490–91
(2d Cir. 2014); United States v. Brown, 52 F.3d 415, 425-26 (2d
Cir. 1995).  Crucially, the Second Circuit in Brown relied
solely on the statutory definition, meaning that it did not use
the "modified categorical approach" at issue in Descamps. See
Brown, 52 F.3d at 426 ("An examination of the fact of conviction
of Attempted Robbery III and the statutory definition of that
prior offense plainly reveals that it is a 'violent felony'
. . . ."). Descamps, therefore, does not undermine Thomas's
conviction or his subsequent sentence.

    Because neither Descamps nor Alleyne apply to his
conviction or sentence, Thomas cannot show the "grave
miscarriage of justice" required for this Court to entertain an
independent action to modify or vacate his sentence pursuant to
Rule 60(d). See Space Hunters, Inc. v. United States, 500 F.
App'x 76, 78 (2d Cir. 2012) ("A plaintiff must also show that
the Rule 60(d) action is necessary 'to prevent a grave

miscarriage of justice.'" (internal quotation marks omitted)).

Therefore, Thomas's motion is denied.


SO ORDERED.

Dated:     New York, New York
           August 12, 2015

                              _____
                                     John F. Keenan
                              United States District Judge